## EXPRESSWAY ASSOCIATES II *v.* FRIENDLY ICE CREAM CORPORATION OF CONNECTICUT
### (14090)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued February 20—decision released May 7, 1991

*William H. Champlin III,* with whom were *Donald Moffat* and, on the brief, *Kristine D. Ragaglia,* for the appellant (defendant).

*James T. Shearin,* with whom, on the brief, was *Stephen Sakonchick II,* for the appellee (plaintiff).

CALLAHAN, J. The plaintiff, Expressway Associates II (Expressway), brought an action against Friendly

Ice Cream Corporation of Connecticut, also known as Friendly Ice Cream Corporation (Friendly's), claiming injunctive relief and damages for Friendly's alleged interference with a designated right-of-way claimed by Expressway over land owned by Friendly's in the town of Glastonbury. Expressway's complaint alleged that Friendly's had laid out parking spaces and placed obstacles within its right-of-way and had restricted the right-of-way to one-way traffic. In its claims for relief, Expressway sought an end to interference with its easement, removal of the parking spaces and obstacles, elimination of the one-way traffic restriction and damages.

After a trial, the trial court determined that Expressway's claimed right-of-way was contingent upon Expressway giving notice to Friendly's that Expressway was about to commence construction of a building on its site, the dominant estate, which was served by the right-of-way. The trial court found that such notice was required by the documents creating the right-of-way and that no such notice had been given. It further found that construction had not been commenced on Expressway's land and that construction could not be commenced because Expressway, to that point, had been unable to obtain the necessary permits from the town. The trial court concluded that because the contingency necessary to inaugurate the right-of-way had not occurred, Expressway had failed to show that it had been irreparably harmed by Friendly's incursions and denied Expressway an injunctive remedy. The trial court also found that Expressway had failed to prove that it was entitled to damages. The trial court's decision effectively allowed Friendly's to continue to use the area of the designated right-of-way for its own purposes pending notice from Expressway that it was about to begin construction on its property.

Expressway appealed the trial court's decision to the Appellate Court. *Expressway Associates II* v. *Friendly Ice Cream Corporation of Connecticut,* 22 Conn. App. 124, 576 A.2d 575 (1990). The Appellate Court determined that the trial court had misread the documents that created Expressway's right-of-way. Id., 126. Contrary to the trial court's holding, the Appellate Court concluded that notice was required only as a precondition for Expressway's construction of a permanent roadway over the area encompassed by the right-of-way at some time in the future. Id., 128–29. Accordingly, the Appellate Court held that despite the contingency concerning the road, Expressway had a present right-of-way over the designated area and that Friendly's could not use its land within the bounds of the right-of-way "for any purpose that would deprive the plaintiff of its right to use the right-of-way." Id., 129. The Appellate Court, therefore, reversed the judgment and remanded the case with direction to the trial court to render judgment for Expressway granting the injunctive relief sought and for further proceedings to determine the amount of damages. Id., 131.

We granted certification limited to a single issue: "Was the Appellate Court correct in including further proceedings with respect to damages in the remand when the plaintiff failed to prove damages at trial and conceded that it was entitled only to nominal damages?" *Expressway Associates II* v. *Friendly Ice Cream Corporation of Connecticut,* 216 Conn. 811, 580 A.2d 56 (1990).

It is axiomatic that the burden of proving damages is on the party claiming them. *Gargano* v. *Heyman,* 203 Conn. 616, 620, 525 A.2d 1343 (1987); *Conaway* v. *Prestia,* 191 Conn. 484, 493–94, 464 A.2d 847 (1983); *Dixon* v. *Trubisz,* 17 Conn. App. 216, 217–18, 551 A.2d 1259 (1988). When damages are claimed they are an essential element of the plaintiff's proof and must be proved

with reasonable certainty. *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 495, 446 A.2d 1071 (1982); *Bianco* v. *Floatex, Inc.,* 145 Conn. 523, 525, 144 A.2d 310 (1958). Damages "are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." *Humphrys* v. *Beach,* 149 Conn. 14, 21, 175 A.2d 363 (1961); *Gargano* v. *Heyman,* supra, 621; *Simone Corporation* v. *Connecticut Light & Power Co.,* supra, 494–95; *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326–27, 355 A.2d 299 (1974); *Anderson* v. *Zweigbaum,* 150 Conn. 478, 482, 191 A.2d 133 (1963).

In order to be entitled to more than nominal damages for Friendly's interference with its right-of-way, Expressway was required to demonstrate at trial either the diminution in the value of its property because of Friendly's interference with its easement; *Kelly* v. *Ivler,* 187 Conn. 31, 47, 450 A.2d 817 (1982); see *Buckley* v. *Maxson,* 120 Conn. 511, 519, 181 A. 922 (1935); the cost to return the easement to its original state; *Kelly* v. *Ivler,* supra; see *Center Drive-In Theatre, Inc.* v. *Derby,* 166 Conn. 460, 467–68, 352 A.2d 304 (1974); or the difference in the value of the easement before the interference and its value after it was obstructed. *Kelly* v. *Ivler,* supra; see generally *System Fuels, Inc.* v. *Barnes,* 363 So. 2d 747, 749 (Miss. 1978); 28 C.J.S., Easements § 114 (a). Expressway, despite opportunity, failed to produce evidence at trial to prove any of these factors.

The parties to this case were notified by the court on January 19, 1989, that it was to be tried on February 10, 1989, and it was actually tried on that date. There is no indication in the notice scheduling the matter for trial that it was assigned only for a hearing on Expressway's claim for injunctive relief. Further, there is nothing in the record to suggest that the issue of dam-

ages was not to be addressed on February 10, 1989, or that Expressway was prevented or constrained from attempting to prove any damages it may have suffered as a result of Friendly's actions. Moreover, in closing arguments, Expressway's counsel, in emphasizing its need for an injunction, stated that "[t]here's no civil suit that can be brought at the moment, that I can think of anyway, to claim damages because there *aren't any damages,* they're speculative." (Emphasis added.) "The general rule is that admissions, if relevant and material, made by an attorney incidental to the general authority of the attorney to represent his client in connection with and for the purpose of controlling the matter committed to him are admissible against the client." *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 496, 234 A.2d 825 (1967); *Lickteig* v. *Buckholtz,* 129 Conn. 399, 401–402, 28 A.2d 871 (1942); *Allen* v. *Nissley,* 184 Conn. 539, 543, 440 A.2d 231 (1981); *Evans Products Co.* v. *Clinton Building Supply, Inc.,* 174 Conn. 512, 517, 391 A.2d 157 (1978); *Wesson* v. *F.M. Heritage Co.,* 174 Conn. 236, 243, 386 A.2d 217 (1978). We see no reason to vary that general rule in this instance, particularly when the evidence at trial was consistent with counsel's statement.

We conclude in this case, as we did in *Loew's Enterprises, Inc.* v. *International Alliance of T.S.E.,* 127 Conn. 415, 421–22, 17 A.2d 525 (1941), that "[t]he plaintiff was in effect seeking as its sole remedy an injunction. There is no basis in its claims or in the facts proven which would justify a remand of the case for a retrial of issues in a claim for damages."

The Appellate Court noted in its decision, however, that it was undisputed that Friendly's had laid out parking spaces and had placed obstacles in Expressway's right-of-way. It concluded that it was clear, therefore, that Expressway had proven that Friendly's had interfered with its rights in the designated area. *Express-*

*way Associates II* v. *Friendly Ice Cream Corporation of Connecticut,* supra, 22 Conn. App. 131. Proof of a legal injury to a real property right entitles a plaintiff to at least token or nominal damages even if no specific actual damages are proven. In this case, therefore, despite the fact that Expressway failed to prove actual damages, it is entitled to nominal damages. It is not, however, entitled to another trial on the issue of damages. *Kelly* v. *Ivler,* supra, 46; *Riccio* v. *Abate,* 176 Conn. 415, 419 n.2, 407 A.2d 1005 (1979); *Maganini* v. *Coleman,* 168 Conn. 362, 364, 362 A.2d 882 (1975); *Dimmock* v. *New London,* 157 Conn. 9, 16, 245 A.2d 569 (1968); *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15 (1952).

The judgment of the Appellate Court is reversed, therefore, to the extent that it ordered further proceedings to determine the amount of damages to be awarded to Expressway and the case is remanded to the Appellate Court with direction to remand it to the trial court with direction to render a judgment for Expressway for $1 in damages.

In this opinion the other justices concurred.