[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are the owners of a condominium unit in East Haven, which they rented to the defendant pursuant to a written lease. The defendant paid the plaintiffs $3,000.00 as a security deposit. The plaintiffs bring this action seeking compensation for $8,269.11 in damages in excess of the security deposit to repair damages allegedly done to the premises by the defendant.
The defendant's security deposit plus accrued interest totalled $3,193.58 at the time she vacated. She has not sought the return of any portion of the security deposit. She acknowledges her liability for some repairs to the premises, but contends that her security deposit is sufficient to compensate the plaintiffs. The defendant was represented by counsel in this action, who permitted a default for failure to plead to enter against the defendant. This matter came before the court as a contested hearing in damages. The named plaintiff, Frank Bonito, an attorney, represented all the plaintiffs and also was the principal witness for the plaintiffs.
The defendant admitted liability for the following repairs or replacements claimed by the landlord:
a. replacement of globe on deck light fixture $10.00 b. cleaning expense (3 people, 2 hours) 60.00 c. replacement of bottom lock on entrance door 50.00 d. cracked glass on print in master bedroom 40.00 e. repair/replacement of kitchen wallpaper and paint 100.00 f. toilet repair in accordance with paragraph 26 of the lease 40.00 g. sewer use assessment for June 1991 5.83 Total admitted liability $305.83
All of the remaining expenses claimed by the plaintiffs are contested. CT Page 3987
"It is axiomatic that the burden of proving damages is on the party claiming them." Expressway Associates II v. Friendly Ice Cream Corporation of Connecticut, 218 Conn. 474, 476 (1991). (Citations omitted.) The plaintiff must prove his right to relief to the court even where some issues may have been resolved by a default. Ratner v. Willametz, 9 Conn. App. 565, 576 (1987) citing 1 Stephenson, Connecticut Civil Procedure 163, p. 656. The burden is on the claimant to present evidence which affords a reasonable basis for measuring loss. Ferri v. Pyramid Construction Co., 186 Conn. 682, 691 (1982).
The plaintiffs' lease to the defendant was for a one-year term beginning June 1, 1990. All of the parties agreed verbally to a one-month extension of the lease, expiring on June 30. On June 30 the defendant called one of the plaintiffs in the late evening, after 10 o'clock p. m., and asked permission to stay longer. Permission was denied and the defendant moved out in great haste that night, without sufficient time to clean the unit. The plaintiffs thereafter hired a maintenance service to thoroughly clean the unit and to make certain minor repairs. The total bill was $510.00. Some components of the bill were admitted by the defendant. The court finds the defendant liable for the entire bill, which is $250.00 in excess of the amount admitted by the defendant. This bill includes the replacement of carpeting in the wet bar which had been removed by the defendant.
The premises were rented to the defendant fully furnished. The condominium unit had been used as a sales model unit at one time and plaintiffs attached to the lease an inventory of the major items of furniture provided with the unit. Paragraph 37 of the lease provides:
 Attached is a list of major furniture in the unit. The unit is rented as fully furnished with all furniture and furnishings in A-1 mint condition. The unit shall be returned to owners in same condition as received by tenants on date of signing of this lease. All damaged, stolen or broken items must be replaced with identical merchandise including furniture and furnishing unless otherwise agreed by landlord. There will be no charge for normal wear and tear.
The plaintiffs' claim for damages mounts to thousands of dollars because they seek, pursuant to paragraph 37, the full replacement value of furnishings which suffered minimal damage.
The plaintiffs seek $2,580.00 damages (including the cost of fabric) to replace two loveseat units of an 8-piece sectional sofa. Mr. Bonito testified that the loveseats were "torn open" on CT Page 3988 the back, exposing a "huge gap," and that there is an "obvious red stain" on one cushion of one of the loveseats. Mr. Bonito's testimony was not corroborated, however, by the photographs which he offered into evidence or by the testimony of Ernest Marchitto, the owner of an upholstery business who was called to testify by the plaintiffs.
Based primarily on the testimony of Mr. Marchitto, the court finds that there is a slight, pink-appearing stain on one seat cushion of one of the loveseats. This stain is not visible, however, because the cushions are interchangeable and reversible. The seat cushion with the stain has been turned over so that the stain is not visible. The court further finds that there is some damage to the back of each of the loveseats. The fabric of the loveseats has been pulled or frayed in a manner consistent with a cat scratching the loveseats. (The defendant had permission from the landlord to have one cat. She also had a kitten during the last two months she resided at the premises.) The damage is not readily observable, however, because the damaged areas are against the wall or against another section of the sectional sofa. (It must be noted that both loveseats remain in use, unrepaired and unreplaced.)
The court recognizes that the plaintiffs have suffered damage to the loveseats which does not arise from normal wear and tear. The plaintiffs should be compensated for that damage if they can satisfy their burden to provide the court with "a reasonable basis for measuring loss." Ferri v. Pyramid Construction Co., supra at 691. However, the plaintiffs have not satisfied that burden. The plaintiffs demand the full replacement cost of both loveseats, $2,580.00, but it is not reasonable to award the full replacement cost of two loveseats to compensate for fairly minor, largely unobservable damage. Even if the replacement cost were warranted, the plaintiffs' claim should account for depreciation (the loveseats were 21/2 years old before defendant's lease began) and also the salvage value of these loveseats. The plaintiffs have not addressed these issues. Another reasonable approach to valuing the plaintiffs' loss would be to claim the diminution in value of the loveseats or the cost of repairing or reupholstering them. This is not what the plaintiffs claim, however.
The plaintiffs make similar claims for the full replacement value of other items of furniture based on fairly minor damage. They seek $390.00 to replace a formica-covered end table. The damage is a small chip out of the formica on the inside of one rear leg of the table. The exact gray color of the formica is no longer available according to the plaintiffs, but this does not relieve them of their obligation to provide a reasonable basis to measure their loss. The plaintiffs similarly seek $472.00 to CT Page 3989 replace a glass cocktail table. A prior tenant had caused one chip in the glass on the edge of the table. The defendant caused three chips to the base of the table. The plaintiffs failed to show that an award of full replacement value is a reasonable basis for measuring the loss. (It must be noted again that both these tables remain in use. Neither has been repaired.)
The plaintiffs did meet their burden of proof with respect to an upholstered chair in the master bedroom. The photographs and testimony from several witnesses confirm that the fabric on this chair was substantially damaged on the front of the chair below the arms, apparently from cat scratching. The seams separated and although the defendant herself tried to sew the seams together, the damage is apparent. Mr. Marchitto, the plaintiffs' expert, testified that the chair needs to be recovered and can be recovered with an equivalent fabric for $587.10. The plaintiffs claim the full, undepreciated replacement value of the chair, $924.00, without credit for salvage value. The court finds that the cost of recovering the chair is more reasonable and the plaintiffs are entitled to $587.10.
The plaintiffs next claim the full replacement cost of the kitchen window treatment, the living room draperies, the den draperies, the master bedroom draperies and matching bedspread and the cost of hanging new draperies, a total of $2,461.00. None of these items has been replaced by the plaintiffs, but they claim that all the draperies and window treatments were damaged with pulls and frays from the defendant's cats. This was disputed by the defendant.
The plaintiffs offered no testimony about the drapes other than their own. The photographs submitted do not show any visible damage to the draperies except for the kitchen window treatment. These photographs show that when the kitchen window treatment is removed from the window, laid flat and spread out, at least two frayed areas are visible. When the treatment is on the window, however, the frayed areas are not visible because the window treatment is very tightly gathered. The plaintiffs have again failed to show that the damage to the draperies was sufficiently significant to warrant an award of the full replacement value. Although the plaintiffs would be entitled to some compensation, particularly with respect to the kitchen window treatment, they have failed to provide the court with a reasonable basis for measuring the damage.
The plaintiffs are awarded $14.70, the expense of dry cleaning the master bedroom bedspread, which was stained on the underside. After cleaning, the stains, although still somewhat visible, did not render the bedspread unusable and it is still in use. The plaintiffs made no claim for damages other than the full CT Page 3990 replacement cost, which is not reasonable.
The plaintiffs also seek $1,620.00, the full replacement cost for 20 throw pillows allegedly stained, torn and smelling of cat urine. The defendant's testimony and a photograph submitted by the plaintiffs reveal actual damage to only one pillow. The plaintiffs having failed to show the court that the full replacement cost of that one pillow or any of the other pillows is a reasonable measure of loss, no damages are awarded.
The last sizeable damage claim of the plaintiffs is for $1,500, representing the depreciated value of the wall-to-wall carpeting. The defendant admitted that she hired a carpet installer to repair or patch six areas in the carpeting where fibers had been pulled up by the cats. These areas generally were in doorways or adjacent to walls. The carpeting from the wet bar area was removed and used for this patching or repair.
On initial inspection, the plaintiffs noticed three areas of repair. Later during the trial, when the plaintiffs took Mr. Marchitto to the premises, additional areas were discovered. Mr. Marchitto, who does carpet installation as well as reupholstering, testified that further repairs were needed, that repair was possible if the same carpeting were available, but that he could not provide an estimate of the cost of the repairs. Nor did he testify whether the same carpeting is available. Plaintiffs' counsel did elicit testimony from Mr. Marchitto that the cost of replacing all the wall-to-wall carpeting throughout the unit was $16,315.00. He offered this evidence, he asserted, to show the reasonableness of his estimate that the carpet suffered a $1,500.00 decrease in the value as a result of the repairs made necessary by the defendant's occupancy.
The carpeting has not been replaced or repaired and plaintiffs offered no explanation or evidence as to how they arrived at $1,500. as a reasonable measure for the damage to the carpeting. Although plaintiffs would be entitled to an award for the cost of repair, no evidence of the cost of repair was produced. The court is unable to award damages on this claim.
The plaintiffs also claim $651.24, the cost of cleaning and deodorizing all the wall-to-wall carpeting and the sectional sofa and other furniture as a result of cat odor and cat hair. Based on the testimony presented, the court finds this expenditure was warranted and damages should be awarded in that amount.
The plaintiffs' remaining claims are for the cost of replacing items which were allegedly missing from the premises after the defendant vacated: a bed pillow, a decorative shell, towels, silk plants. The defendant disputes liability for these CT Page 3991 items, claiming that towels were never provided at the premises and that the other items were left in the unit when the defendant vacated. The lease refers to the unit as fully furnished, but the attached inventory itemizes only large pieces of furniture. It does not corroborate the plaintiffs' claim that such items as towels were provided with the unit. No damages are awarded by the court because plaintiffs have failed to meet their burden of proof.
Based on the evidence presented, the total of damages found due the plaintiffs is $1,808.87. However, the plaintiffs retained the defendant's security deposit of $3,000.00 plus interest and the defendant has not at any time sought the return of the deposit. Therefore, the plaintiffs have been compensated for the damages proven by them to the court. Because this matter came before the court as a hearing in damages, judgment must enter and is hereby entered for the plaintiffs. However, no damages are awarded given that the plaintiffs have already been compensated.
VERTEFEUILLE, JUDGE