[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action plaintiff seeks to recover unpaid rent and the cost of repairs to a store rented to defendant. The parties dispute virtually every allegation; they cannot even agree on the defendant's mother's last name, who is also a defendant in this action. As in all cases of this sort, resolution of the claims depends on an evaluation of the credibility of the witnesses, a matter not easily assessed since the principal language for each party is Spanish. Each party provided its own interpreter. Not infrequently, even the interpreters disagreed as to the correct translation of a witness' statement.
The parties entered into an oral month to month lease for the rental of commercial space on Park Street in Hartford. Defendant is the owner of a woman's clothing store. The last agreed rent was nine hundred dollars ($900.00) per month. In July, 1990, plaintiff informed defendant that the rent was to be raised to fifteen hundred dollars per month. Defendant politely declined; rented another store and moved out in early August. Prior to vacating, defendant tendered August rent in the amount of nine hundred dollars, but plaintiff rejected the check. Although she moved out in early August, plaintiff claims not to have reentered the premises until late October, 1990. At this CT Page 10113 time, according to plaintiff, the premises were in disarray, with junk littered about the floor, wooden display cases and partitions destroyed, the rug filthy and worn, the walls damaged by nail holes, the front glass broken and the security system removed. For her part defendant insists that the premises were cleaned and tidy when she vacated; that the condition of the premises at the beginning of the lease was less than pristine and that any repairs made by plaintiff after her departure were simply the result of normal wear and tear or for the purpose of customizing the premises for the subsequent tenant.
The following are the court's findings of facts and conclusions of law with respect to each of plaintiff's claims.
A. Unpaid Rent. Plaintiff seeks to recover unpaid rent for July, August, and September, 1990. He is not entitled to rent for any of those months. July's rent was paid, as proven by a cancelled check produced at trial. Defendant tendered, and plaintiff rejected defendant's check for August rent. Having rejected the tender, he cannot now claim it was unpaid. Mayron's Bakery v. Arrow Stores, 149 Conn. 149 (1961). Because it was a month to month lease, and because defendant vacated in August, plaintiff cannot recover rent for September. Caserta v. Action for Bridgeport Community Development, Inc., 34 Conn. Sup. 561
(1977).
B. Damages to the Premises. This claim has a number of elements. Plaintiff's largest claim is for repairs to the premises and loss of improvements. Specifically, plaintiff alleges that a partition installed prior to the lease was destroyed during defendant's tenancy. The cost of that partition was $1500.00. Defendant vigorously disputes this claim, arguing that the partition was intact when she left, and suggesting that if the partition were removed it was for the purpose of preparing the premises for the new tenant. The court concludes that the plaintiff has failed to sustain his burden as to this claim. No damages are awarded for the partition.
C. Repair of Glass in Front Door. Plaintiff was required to replace the glass in the front door at a cost of $333.00. This expense is attributable to defendant and therefore plaintiff is awarded damages in this amount.
D. Repair to and Cleanup of the Premises. Plaintiff incurred expenses in the amount of $1500.00 for repairing the CT Page 10114 walls, painting, cleaning of the rug and removal of debris. Plaintiff's general claim is that the premises were in substantially worse condition than when defendant took occupancy. After review of the evidence, the court concludes that the premises were not in pristine condition in 1987 when it was leased to defendant. There were nails in the walls, there was not a fresh coat of paint and the rug was not brand new. Nevertheless it appears that defendant's tenancy did result in damage to the premises beyond that attributable to normal wear and tear despite defendant's efforts to clean the premises when she departed. Plaintiff is awarded $500.00 in damages for this portion of his claim.
D. Alarm System. Plaintiff claims that defendant removed the security system installed by him when she vacated the premises. Plaintiff has failed to provide any proof that he paid for the system when installed. Indeed the evidence discloses that defendant paid for the monthly service and repair charges, bolstering her claim that it was her system and not plaintiff's. Plaintiff has the burden of proving his damages. Expressway Associates II v. Friendly Ice Cream Corp. of Conn., 218 Conn. 474 (1991). He has failed to sustain that burden.
Judgment for plaintiff in the amount of $833.00 plus costs. Plaintiff retains defendant's $800.00 security deposit. Defendant has not filed a counterclaim for that amount. Therefore the security deposit plus accrued interest may be set off against the judgment of $833.00.
SO ORDERED, HOLZBERG, J.