[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In her two-count complaint plaintiff alleges that defendant committed an unlawful entry and detainer in violation of General Statutes 47a-43 and that such action also constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110a et seq. This was a bifurcated proceeding. After the first hearing the court ruled that defendant had committed an unlawful entry and detainer and ordered a writ of restitution, directing that defendant return personal property of the plaintiff which had been improperly seized by her. The matter was then continued for a hearing in damages pursuant to General statutes 47a-40.
The facts giving rise to this action are as follows. Defendant is the owner of an apartment which she advertised for rent in April, 1992. Responding to the advertisement plaintiff met with defendant and inspected the apartment on April 14, 1992. After some preliminary discussions the parties met again on April 15 at which time defendant received a five hundred dollar ($500.00) security deposit from plaintiff. Defendant gave plaintiff the key to the unit and indicated to her that she could have access to it for the purpose of cleaning it and moving some of her belongings in. Defendant advised the tenant that she would be required to complete a rental application and provide references. After receiving the key on April 15, plaintiff began cleaning the apartment and preparing it as her residence. To this end she purchased cleaning supplies, a small amount of food and moved in some of her possessions. Plaintiff was very excited about moving into the apartment as it represented a substantial improvement over her present residence in that it was larger, had a back yard and more of a country atmosphere.
On April 16, defendant informed plaintiff that she would not be permitted to move in as her son and his girlfriend would be returning from Ohio and would need the apartment for themselves. Plaintiff refused to vacate the premises, which prompted a number of discussions and phone calls between the parties. In one such call, defendant's son's girlfriend, evidently relying on incorrect information and advice from the local police department, told plaintiff that she would be arrested if she did not move out. Within a few days of April 16, plaintiff's son and girlfriend moved into the apartment where they have since remained. CT Page 10207
Based on the preceding, the court ruled, as previously indicated, that defendant had violated General Statutes47a-43 in that, according to this court's written finding, the "defendant made a peaceable entry, without the consent of the plaintiff, and holds and detains the apartment in question with force and strong hand." Accordingly, a writ of restitution was ordered, directing that plaintiff's personal possessions be returned to her. Upon further review and consideration the court concludes that its earlier finding was incorrect in that such finding must be made in accordance with General Statutes 47a-45a and not pursuant to47a-43. Therefore, the previous order of the court is vacated and the following substituted therefor: After the hearing the court finds that the party out of possession would be required to cause damage to the premises or commit a breach of peace in order to regain possession. General Statutes 47a-45a(4).
Having found on the issue of liability, the court must next determine, pursuant to Gen. Statutes 47a-46, the nature and extent of damages to be awarded, and in particular, whether double damages should be granted. Plaintiff claims damages for the supplies she purchased to clean the apartment, the emotional distress she suffered as a result of her loss of the apartment and the difference in value between the "better apartment" from which she was ejected, and her present apartment.
Damages in the amount of $45.00 are awarded for the cost of supplies and materials purchased by plaintiff in anticipation of her moving in. Plaintiff also presented proof that she incurred nine hundred dollars ($900.00) in expenses for outpatient counselling to help her cope with the loss of the apartment to which she had become emotionally attached. The court concludes that plaintiff was genuinely distressed by the loss of the apartment and that the counselling was a reasonable and necessary expense flowing from defendant's actions. Damages in the amount of $600.00 are awarded for such counselling. Plaintiff also seeks the difference in value between the apartment she sought to move into and her present apartment. Assuming, without deciding, that such damage is awardable on the facts of this case, no proof of actual damages has been presented, and as such the claim is speculative. No damages are awarded. Expressway CT Page 10208 Associates II v. Friendly Ice Cream Corp. of Connecticut,218 Conn. 474, 476 (1991).
Plaintiff seeks a doubling of her damages pursuant to Sec. 47a-46, which provides that, "the party aggrieved may recover in a civil action double damages and his costs against the defendant." The decision whether to award double damages is left to the sound discretion of the court. "Section 47a-46 requires the trial court to make an independent determination that, taking into account all of the circumstances of the case, an award of double damages is appropriate. In exercising its discretionary authority, the trial court must examine critically any weakness in the plaintiff's case. "Insofar as [the statute] requires the person at fault to pay to the injured party a greater sum than that which measures the injury sustained, `though not strictly penal, it so far partakes of the nature of a penal statute that it should be construed with reasonable strictness . . .'" Freeman v. Alamo Management Co., 221 Conn. 674,684 (1992).
Double damages will be awarded in this case. The court concludes that defendant's conduct was "wanton or malicious"; Id., at 682; and that the award of double damages is necessary to deter future misconduct. Id., at 683. Therefore total damages as to count one are $1,290.00.
Finally, count two of plaintiff's complaint alleges a violation of CUTPA. "The defendant's violation of the plaintiff's right of possession and his right to be dispossessed only pursuant to summary process constitute a violation of public policy, as a result of which plaintiff has suffered an "ascertainable loss." CUTPA violations are frequently found where liability is established in entry and detainer actions. Livingston v. Fenderson, 7 CSCR 675
(June 8, 1992) (cites omitted). CUTPA violations "certainly" can be found based on a violation of General Statutes Sec. 47a-43(a). Daddona v. Liberty Mobile Home Sales, Inc.,209 Conn. 243 (1989). The subjective good faith of a defendant is not a defense to a CUTPA violation. Id. The plaintiff has established a CUTPA violation.
An aware of punitive damages for a CUTPA violation is discretionary with the Court. General Statutes Sec.42-110g(a). Such an award must be based on "a reckless CT Page 10209 indifference to the rights of others or an intentional and wanton violation of those rights." Gargano v. Henry,23 Conn. App. 616, 622 (1987). Punitive damages are not awarded in this case as plaintiff's damages were doubled in count one. Livingston v. Fenderson, supra.
Plaintiff is entitled to an award of attorney's fees under CUTPA. General Statutes Sec. 42-110g(d). Plaintiff has submitted an attorney's fees affidavit which has been reviewed. Based on the work reasonably performed, fees in the amount of $2,500.00 are awarded, plus costs.
To summarize, judgment for the plaintiff in the amount of $1,290.00 plus attorney's fees of $2,500.00 and costs. $90.60.
SO ORDERED.
Holzberg, J.