[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sylvia Kramer, alleges in her complaint that the defendant, David J. Ordway, trespassed on her property located at 31 Rollingwood Drive in Stamford, and that as a result she sustained financial loss and emotional distress. A bench trial was conducted and the evidence disclosed that the defendant and his wife lived at and owned property located at 37 Rollingwood Drive, immediately adjacent to the plaintiff's property.
The evidence further disclosed that the defendant wished to make some improvements to the rear of his house and property, including the construction of a porch and deck, and the erection of a stone retaining wall. In order to accomplish this, the defendant hired a builder and other artisans whose trucks and equipment came on plaintiff's property over the course of approximately four months in the fall of 1989. The defendant testified that he believed he had verbal permission from the plaintiff permitting the trucks and other equipment to come on her land because there was insufficient space between the edge of his home and the property lines for the equipment to stay exclusively on the defendant's own property. However, the key piece of evidence was a letter sent by the defendant, who is an attorney, to the plaintiff on or about July 7, 1989, asking for her written permission to enter upon her land[1]. The plaintiff refused to sign this letter. She subsequently confronted the defendant to complaint about the trucks and other equipment coming on her property, but she testified that the defendant in effect brushed her aside. In addition to the trucks and other equipment crossing over onto the plaintiff's property, a truck belonging to the builder or his subcontractors broke down in plaintiff's back yard and stayed there for several weeks. The plaintiff and other witnesses testified that as a result of the trucks and other equipment coming on her land, a portion of her property became muddy, unusable and distasteful to view.
Based on the evidence, it is found that the plaintiff proved ownership of 31 Rollingwood Drive, and that the defendant caused vehicles to encroach over the property line, and accordingly that a trespass occurred on the plaintiff's property. "A trespass on real estate is the doing of a direct injury to property by force." Lake Garda Improvement Association v. Battistoni,
CT Page 11994160 Conn. 503, 516-17, 280 A.2d 877 (1971). "The plaintiff must prove possession, title and the absence of actual exclusive possession in another." Id. As stated at 75 Am. Jur. 2nd, Trespass 35: "Because it is the right of the owner in possession to exclusive possession that is protected by an action for trespass, it is generally held that the intrusion of the property be physical and accomplished by a tangible matter. Thus, in order to be liable for trespass, one must intentionally cause some `substance' or thing to enter upon another's land." The plaintiff satisfactory proved these elements of trespass.
In terms of damages, the plaintiff presented a bill from a surveyor, Parsons Bromfield — Redniss Mead, dated December 21, 1989, in the amount of $972, which she testified she incurred in order to more adequately define the south property line between her land and that of the defendant. This bill, which was substantiated by canceled checks, is a compensable item of damages.
The plaintiff also testified that she sustained emotional distress as a result of the defendant's trespass and introduced into evidence a canceled check dated November 30, 1989, for $130 to a Doctor Colin B. Cook, a psychiatrist. However, the evidence submitted by the plaintiff does not suffice to award monetary damages for emotional suffering. The evidence disclosed that the plaintiff, who is in her 80's, sold her house and moved out of state during the pendency of this action, lost her son only several months prior to the trespass by the defendant, and then lost a brother shortly after the trespass had terminated. In addition, the plaintiff did not contact the police, write a letter to the defendant, or seek any kind of order of protection from the court system while the trespass by the defendant was occurring. There is no question that while the trespass was occurring, the plaintiff was distressed and emotionally distraught, but this was primarily due to her personal tragedies and not the defendant's conduct. Damages are "an essential element of the plaintiff's proof and must be proved with reasonable certainty." Expressway Associates, II v. Friendly IceCream Corp., 218 Conn. 474, 476-77, 590 A.2d 431 (1991). Damages "are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." Id., 477. Thus, no damages are awarded for emotional distress because of lack of adequate proof that such distress was caused by the trespass. CT Page 11995
Judgment may enter in favor of the plaintiff against the defendant for $972, plus costs as taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of November, 1994.
William B. Lewis, Judge