[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs brought this action seeking damages for unpaid rent and use and occupancy and for actual damages to the premises. The defendants appear pro se and admit to the nonpayment of certain months' rent and to one item of damage, but claim that the plaintiffs are holding a $10,000.00 deposit that entitles the defendants to a setoff.
Preliminarily, the plaintiffs ask the court to find that the defendants have admitted all the Requests for Admission filed by the plaintiffs on or about October 17, 1994 by their CT Page 732 failure to respond. P.B. § 239. The defendants testified at trial that they did not receive the Requests. In fact, the plaintiffs introduced as an exhibit (Ex. 8) the unopened certified envelope containing the Requests which was returned with the unsigned postal receipt to plaintiffs' counsel by the post office. Plaintiffs' counsel represented that he also sent a copy of these Requests first class mail that was not returned to him. In light of the testimony of the defendants, the fact that they appear pro se and that the Requests sought admissions of every fact and assertion of law in the plaintiffs' favor, the court will not deem the failure of responses by the defendants to be admissions of these requests. P.B. § 6.
 I. Plaintiffs' Claims
The plaintiff Rosario Lenares testified to damages arising out of unpaid rent and use and occupancy. The rent under the lease (Ex. 7) was $1,300.00 per month and the term of the lease expired February 28, 1994. The plaintiffs received no rent from the defendants in December 1993 and brought a summary process action in January. The defendants remained in possession to April 29, 1994. The plaintiffs claim damages totaling $6,500.00 in back rent and unpaid use and occupancy and $967.56 as costs and fees arising from the summary process action.
The plaintiff further testified to damages to the premises caused by the defendants. Some 49 photographs of the claimed damages were introduced into evidence. While there was testimony regarding garbage and disrepair of the house after the defendants vacated the premises, the damages claimed by the plaintiffs were solely the following:
 Replacement cost of stove — $540.46 Replacement cost of dry wall[*] — $145.00 Replacement cost of wall-to-wall carpets — $1,731.23 Replacement cost of ceramic floor[*] — $583.62 Replacement cost of vinyl siding[*] — $5,450.00 Replacement cost of locks — $44.00
 Total $8,494.31 ([*] Amount reduced by insurance)
The defendants have a duty under C.G.S. § 47a-11(f) not to CT Page 733 "wilfully or negligently destroy, deface, damage, impair or remove any part of the premises or permit any other person to do so." Once the plaintiffs establish that there is damage, they must prove it exceeded normal wear and tear; Grzewinski v.George, H-930 (1989). It is the plaintiffs' burden to prove damages with reasonable certainty. Expressway Associates II v.Friendly Ice Cream Corporation of Connecticut, 218 Conn. 474,476 (1991). Such damage is measured not by the replacement cost but by the repair cost or value. Nitch v. Lavoy-Alaimo, H-977 (1992).
Taking into consideration the above stated law, the court finds that in this case the plaintiffs have proven damages to the premises in the amount of $1,492.85.[1] In addition, the court finds that the damages for back rent and unpaid use and occupancy to be $6,500.00 plus costs and fees of the summary process action of $732.50, plus attorney's fees in the amount of $1,300.00.
 II. Defendants' Special Defense
The defendants claim a setoff of $10,000.00, which represents monies they deposited pursuant to the real estate contract between the parties for this property (Ex. 6). The plaintiffs claim that this deposit was nonrefundable option monies that were forfeited when the defendants failed to purchase the property.
Exhibit 6 is a form entitled Real Estate Contract (The Greater Hartford Association of Realtors, Inc.) which has been edited to effect a contract between the plaintiffs and defendants signed on April 9, 1992 concerning the subject property. It contains the following pertinent language under Paragraph 4.
 (a) Buyer has made the following [option monies] with this Contract, to be applied to the total purchase price, subject to collection: $1,000.00
 (b) Buyer will make the following additional [nonrefundable option money upon acceptance] to be applied to the purchase price or closing costs, subject to collection: $9,000.00
CT Page 734
( indicates handwritten inserts)
Paragraph 5, entitled Mortgage Contingency contains the following language in the event that the buyer fails to obtain a mortgage commitment:
 If either party so terminates this Contract, then all deposits will be returned to Buyer, and this Contract will be null and void.
Finally, in Paragraph 5, entitled Escrow of Deposits, reads in pertinent part:
 All deposits will be held in escrow by listing Broker until: CHECK ONE
(Omitted) [X] transfer of title
 In case of a dispute, listing Broker reserves the right to continue to hold all deposits, without interest or other liability, until the parties rights to the deposits are finally adjudicated or agreed upon.
( indicates handwritten insert)
The plaintiffs called Joann Batchelor, the real estate broker who prepared the contract (Ex.6). She testified that she told the defendants that the $10,000.00 was nonrefundable. She also testified that the language in Ex. 6 indicating the monies would be returned to the Buyer if the contract terminated due to a failure to obtain a mortgage should have been deleted. She also checked the box indicating the funds would be held in escrow until a transfer of title. The defendants were in fact, unable to obtain a mortgage by the mortgage contingency date of November 30, 1993, (Ex. H) and deny ever being told the deposit was nonrefundable.
The law applicable to the defendants' special defense persuades the court that the defendants must prevail on their special defense. Clearly, Ex. 6 has conflicting provisions regarding the $10,000.00 deposited by the defendants. "The general rule is that when contract language is ambiguous or susceptible to different interpretations, `the language is to be construed CT Page 735 against the [party] who drew it . . . and for whose benefit it was inserted.'" Eastern Bus Lines, Inc. v. Board of Education,7 Conn. App. 581, 584 (1986), quoting Sturman v. Socha,191 Conn. 1, 9 (1983). Here, the defendants were potential buyers in a protracted real estate transaction that involved several contracts. The broker responsible for drafting the documents was attempting to sell the subject premises for the plaintiffs. Ms. Batchelor testified at length to her qualifications and expertise in this area. "The party who actually does the writing of an instrument will presumably be guided by his own interests and goals in the transaction. He may chose shadings of expression, words more specific or more imprecise, according to the dictates of these interests." Eastern Bus Lines, 7 Conn. App. at 585.
The ambiguity of the contract on the issue of the refund of the deposit of $10,000.00 must be construed against the plaintiffs. The court finds a setoff of $10,000.00.
Conclusion
Judgment may enter in favor of the plaintiffs in the amount of $10,025.35, which includes attorney's fees of $1,300.00. The defendants are entitled to a $10,000.00 setoff for a net judgment of $25.35.
ALEXANDRA DAVIS DiPENTIMA, JUDGE, SUPERIOR COURT