[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff/landlord, Joan Helen Richmond, seeks relief in the form of monetary damages for past due rent/use and occupancy payments and the actual physical damage to the dwelling described as a one family residence with a fenced in yard located at 27 Miller street, Middletown, Connecticut. The CT Page 1267-KKK defendant/tenant, Kathleen Corson, did not appear at the hearing. Plaintiff is seeking attorney's fees and costs in addition to damages.
A. Plaintiff's Testimony
The plaintiff testified that the parties entered into an oral, month to month lease on October 1, 1991, at an agreed upon rent of seven hundred dollars ($700.00) per month, payable on the first day of each month. The defendant remained in possession of the premises until early December 1993, when she vacated without notice. When the defendant vacated the property, the plaintiff testified that the rental payments were in arrears, and the defendant still owed three thousand five hundred dollars ($3,500.00) in unpaid rent for the use and occupancy of the premises for five months, from August 1993 to December 1993.
Plaintiff further seeks relief for the actual physical damage the defendant caused on the property. At trial, plaintiff testified that prior to the defendant's tenancy, the plaintiff used the property as her personal residence and it was in good condition. Plaintiff produced thirty (30) photographs which demonstrate that the extent of the damage to the property exceeded normal wear and tear. Plaintiff submitted additional photographs which document that she repaired the physical damage to the property, and submitted the receipts for the repair work in excess of one thousand five hundred dollars ($1,500.00).
B. Legal Standard and Findings
The defendant has a duty not to wilfully or negligently destroy, deface, damage, impair or remove any part of the premises or permit any other-person to do so. General statutes § 47a-11(f);Grzewinski v. George, H-930. Plaintiff has the burden to establish that there is damage and that the damage exceeds normal wear and tear. Grzewinski v. George, supra, H-930. The plaintiff has proven her damages with reasonable certainty as required by law. Expressway Associates II v. Friendly Ice Cream Corp.,218 Conn. 474, 476, 590 A.2d 431 (1991). The photographic evidence submitted by the plaintiff documents that the extent of the damage exceeded normal wear and tear. Plaintiff correctly assessed her damages based on the cost of repairing the dwelling as required by law. Nitch v. Lavoy-Alaimo, H-977 (1992).
In view of the above stated law, the court finds that the CT Page 1267-LLL plaintiff has proven that repairing the physical damage to the property cost three thousand five hundred nine dollars and thirteen cents ($3,509.13). In addition, the court finds that the damages for back rent/use and occupancy is three thousand five hundred dollars ($3,500.00) (five months at $700.00). The court awards attorney's fees in the amount of two thousand fifty seven dollars and eighty one cents ($2,057.81).
C. Conclusion
Judgment may enter in favor of the plaintiff in the amount of nine thousand sixty six dollars and ninety four cents ($9,066.94), which includes attorney's fees of two thousand fifty seven dollars and eighty one cents ($2,057.81).
SO ORDERED:
E. CURTISSA R. COFIELD JUDGE OF THE SUPERIOR COURT