NATHANIEL O. DIXON *v.* FRANK TRUBISZ ET AL.
(6430)

SPALLONE, DALY and FOTI, Js.

Argued November 9—decision released December 27, 1988

*Morton N. Katz,* with whom, on the brief, was *Douglas G. Farber,* for the appellant (plaintiff).

*Joseph B. Curran,* for the appellees (named defendant et al.).

DALY, J. The plaintiff brought suit against the defendants for property damage to the plaintiff's motor

vehicle which occurred while the vehicle was stored at the defendants' lot. The plaintiff's complaint alleged wrongful possession, breach of bailment and conversion. In its memorandum of decision, the trial court awarded damages to the plaintiff on the basis of the defendants' negligence during the period of bailment. The plaintiff appeals, claiming that the trial court erred (1) in limiting its award of damages under the bailment theory to the loss of specific items, rather than the reasonable value of the vehicle, and (2) in failing to consider his alternate theories of recovery. We find no error.

The trial court found the following facts. On February 18, 1982, the defendants, at the request of the Hartford police department, towed a 1975 Oldsmobile owned by the plaintiff to their lot located in the city of Hartford. By 1 a.m. on February 19, 1982, all four tires on the plaintiff's vehicle had been stolen, and by morning the rear window had been smashed, the radio had been removed and the dashboard vandalized. Although the plaintiff was told that the stolen items would be replaced, the defendants failed to do so. The court also found that the plaintiff failed to reclaim his car, despite his opportunity to do so without charge. The defendants later sold the vehicle after notifying the plaintiff of their intention to do so. See General Statutes § 14-150.

The court found that a bailment had been created, and that the plaintiff was entitled to the damages that he had proven. Since he had proven the value of the tires and the sound system, the court held that he was entitled to recover that amount, namely $661.30.

The plaintiff's first claim is that the trial court erred in not awarding him damages in the amount of the full reasonable value of the car under the breach of bailment theory of recovery. While it is true that the measure of damages for loss or damage to the subject

matter of a bailment is the value of the property at the time of the loss or damage; *Griffin* v. *Nationwide Moving & Storage Co.,* 187 Conn. 405, 419, 446 A.2d 799 (1982); the plaintiff bears the burden of proof with regard to his damages. *Simone Corporation* v. *Connecticut Light & Power Co.,* 187 Conn. 487, 495, 446 A.2d 1071 (1982). The only evidence the plaintiff introduced as to damages was the value of the stolen tires and sound system. In order to award damages, a "court must have evidence by which it can calculate the damages, which is not merely subjective or speculative, but allows for some objective ascertainment of the amount." *Bronson & Townsend Co.* v. *Battistoni,* 167 Conn. 321, 326–27, 355 A.2d 299 (1974). The trial court awarded the plaintiff the proper amount of damages due him on the evidence presented.

The plaintiff's final claim of error is that the trial court failed to address the possibility of recovery of damages under the wrongful possession and conversion counts of the complaint. The court, in its memorandum of decision, did not address those two counts of the complaint; nor did the plaintiff seek under Practice Book § 4051 to have the court further articulate its decision. It is the appellant's responsibility to secure an adequate appellate record, and we will not remand a case to correct a deficiency the appellant should have remedied. *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983); *Thiel Realty Corporation* v. *Culligan Water Conditioning Co.,* 9 Conn. App. 191, 193, 517 A.2d 1502 (1986). The record furnishes no basis for us to conclude that the trial court erred in its findings of fact or conclusions of law.

There is no error.

In this opinion the other judges concurred.