NORTH PARK MORTGAGE SERVICES, INC. *v.* ROBERT PINETTE ET AL.
(10503)

NORCOTT, LANDAU and HEIMAN, Js.

Argued January 16—decision released May 26, 1992

*David M. Lesser,* with whom, on the brief, was *F. Woodward Lewis, Jr.,* for the appellants (defendants).
*Edward F. Kunin,* for the appellee (plaintiff).

LANDAU, J. The defendants, Robert and Nancy Pinette, appeal from the trial court's judgment of foreclosure by sale and its denial of a motion for a written opinion.[1] The plaintiff, North Park Mortgage Services, Inc., instituted a foreclosure action against the defendants who, in turn, filed an amended answer containing five special defenses and a five count counterclaim. The special defenses and the counterclaim alleged that the loan to the defendants, on which the foreclosure action was based (1) violated the Secondary Mortgage Act, General Statutes § 36-224*l* (a), (2) was usurious under General Statutes §§ 37-4 and 37-9, (3) violated the Truth-In-Lending Act, General Statutes § 36-393 et seq., (4) was unconscionable and inequitable in derogation of General Statutes § 42a-2-302, and (5) violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b (a).

The plaintiff filed a motion to strike all counts of the counterclaim and each of the five special defenses.[2] The trial court granted the motion without filing a written opinion stating the basis for its decision and denied the defendants' request for an evidentiary hearing. The defendants filed a motion for reargument and for a

---

[1] Although the motion referred to Practice Book § 157, the applicable rule of practice, Practice Book § 156, is referred to within the body of the motion. We will treat the motion as one under the provisions of Practice Book § 156.

[2] The defendants' motion to strike stated in relevant part: "Pursuant to § 152 of the Practice Book, the plaintiff herein moves to strike the first, second, third, fourth and fifth special defenses and all counts of the counter-

written opinion in accordance with Practice Book § 156.[3] The trial court denied the motion.

The defendants claim that the trial court improperly (1) granted the plaintiff's motion to strike their special defenses and counterclaim, and (2) denied their motion for a written opinion in accordance with Practice Book § 156. The plaintiff claims that (1) the trial court properly denied the defendants' motion for a written decision because only one ground of decision was alleged in its motion to strike, and (2) the trial court was correct, as a matter of law, in granting their motion to strike. We agree with the defendants as to their second claim and, therefore, do not address their first claim.

Our rules of practice require that a motion to strike raising claims of legal insufficiency separately set forth each such claim of insufficiency and distinctly specify the reason or reasons for each such claimed insufficiency. See Practice Book § 154. A general statement in a motion to strike that the complaint does not state a claim on which relief can be granted is usually deemed not to comply with the requirements of Practice Book § 154. *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986). A motion to strike that lacks specificity, but adequately submits the material issue to the court, however, is sufficient to comply with Practice Book § 154. *Rowe* v. *Godou*, 209 Conn. 273, 275, 550 A.2d 1073 (1988).[4] The trial court is required

claim contained in defendant's Amended Answer dated January 18, 1991 on the grounds that they do not state a claim on which relief can be granted."

[3] Practice Book § 156 provides: "Whenever a motion to strike is filed and more than one ground of decision is set up therein, the judge, in rendering the decision thereon, shall specify in writing the grounds upon which that decision is based."

[4] Although the plaintiff's motion to strike does not adequately submit the material issues to the court, because the defendants failed to object to the form of the motion to strike, and because Practice Book § 154 is not jurisdictional in nature, we will consider the motion to strike in the form presented to the trial court.

to specify in writing the legal basis of its conclusion where more than one ground of decision is set forth in the motion to strike. See Practice Book § 156.

The failure of the trial court to specify the way in which each special defense and counterclaim failed to set forth properly a defense or cause of action leaves a reviewing court in a position that it cannot determine the basis on which the trial court acted. This is especially true where, as here, the special defenses and the counts of the counterclaim allege an intricate mosaic of causes of action and defenses consisting of multiple levels and numerous alternative claims.[5]

---

[5] The first special defense and the first count of the counterclaim alleged that the mortgage violated the Secondary Mortgage Act, General Statutes § 36-224*l* (a), in that "the mortgage charged loan fees, points, commissions, transaction fees or similar prepaid finance charges which . . . exceeded 10 percent of the principle amount of the loan."

The second special defense and second count of the counterclaim alleged that the mortgage was not a bona fide mortgage because it violated the Secondary Mortgage Act, and it violated the Truth-in-Lending Act, and is unconscionable and usurious under General Statutes §§ 37-4 and 37-9 in that "the interest charged is greater than the statutory limit of 12 percent *and/or* because the mortgage loan was made for a greater amount of money than was actually received . . . *and/or* because the plaintiff took and received more charges than is permitted by law . . . ." (Emphasis added.)

The third special defense and third count of the counterclaim alleged that the mortgage violated the Truth-in-Lending Act, General Statutes § 36-393 et seq. in that "it has violated the public policy of the state of Connecticut as set forth in [General Statutes] § 36-393a (a) by not making 'meaningful disclosure of credit . . . terms so that prospective debtors . . . have an opportunity to compare more readily the various credit . . . terms available to them and the opportunity to avoid uninformed use of credit . . . .' " Among the material omissions alleged are (1) that the prepaid finance charges exceeded 10 percent of the principal loan, (2) that the loan was usurious under General Statutes §§ 37-4 and 37-9, *and* (3) the amount financed and the finance charge.

The fourth special defense and fourth count of the counterclaim alleged that the plaintiff's actions alleged in special defenses one, two, three and five and in counts one, two, three and five of the counterclaim violate General Statutes § 42a-2-302 because (1) the prepaid finance charges exceeded

The defendants could have invoked Practice Book § 4051 and requested the trial court to articulate the basis of its decision more fully; see *Braun* v. *Edelstein,* 17 Conn. App. 658, 661, 554 A.2d 1102, cert. denied, 211 Conn. 803, 559 A.2d 1136 (1989); and thereafter moved for review in this court under Practice Book § 4054; *Jazlowiecki* v. *Cyr,* 4 Conn. App. 76, 79, 492 A.2d 516 (1985); in an effort to satisfy their burden of providing an adequate record for appellate review. Practice Book § 4061; *State* v. *Laracuente,* 205 Conn. 515, 520, 534 A.2d 882 (1987), cert. denied, 485 U.S. 1036, 108 S. Ct. 1598, 99 L. Ed. 2d 913 (1988); *DeMilo* v. *West Haven,* 189 Conn. 671, 681, 458 A.2d 362 (1983). Under normal circumstances, we will not remand a case to correct a deficiency the appellant should have remedied. *Carpenter* v. *Carpenter,* 188 Conn. 736, 739 n.9, 453 A.2d 1151 (1982); *Scherr* v. *Scherr,* 183 Conn. 366, 368, 439 A.2d 375 (1981); *Dixon* v. *Trubisz,* 17 Conn. App. 216, 218, 551 A.2d 1259 (1988). Under the circumstances here, however, we deem the failure of the defendants to seek articulation or review a matter more of form than of substance. It is akin to the failure of the trial court, having made a final order, to prepare a judgment file. See *Lehto* v. *Sproul,* 9 Conn. App. 441, 445, 519 A.2d 1214 (1987). Here, the defendants, by filing a motion for reargument and for a written decision, followed every realistic avenue in attempting to obtain a more specific ruling from the trial court. The basis of the defendants' motion was

10 percent of the principal loan and (2) the mortgage was not bona fide because of the usurious interest rate.

The fifth special defense and fifth count of the counterclaim alleged that the mortgage is unfair and deceptive in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b (a), *for one or all of four reasons:* (1) the prepaid finance charges exceeded 10 percent of the principal loan; (2) the interest rate was usurious, (3) the plaintiff violated the public policy of the Truth-in-Lending Act by failing to make meaningful disclosures; and (4) the plaintiff violated General Statutes § 42a-2-302.

that more than one issue was presented in the plaintiff's motion to strike and that the trial court's ruling was "incomplete and unintelligible in its present form." In denying the motion, the trial court made clear that it believed only one issue was presented in the motion to strike and that a written opinion was not required. Thus, under these particular facts we decline to follow *Carpenter, Scherr,* and *Dixon* because we conclude that the defendants' motion for a written decision satisfied their burden of attempting to provide an adequate record for appellate review.

We will resort to our supervisory power under Practice Book § 4183 to extricate ourselves from the procedural quagmire in which we find ourselves. This supervisory power includes, inter alia, "the power to make appropriate postappeal orders"; *Guss* v. *Guss,* 1 Conn. App. 356, 365, 472 A.2d 790 (1984) (*Borden, J.,* concurring), quoting *In re Juvenile Appeal (83-BC),* 189 Conn. 66, 81, 454 A. 2d 1262 (1983); see also *O'Neill* v. *O'Neill,* 13 Conn. App. 300, 304, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988); and the power to "modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal." Practice Book § 4183. This power, however, does not allow litigants to circumvent other rules of practice designed to promote judicial efficiency and justice. "The unique circumstances of this case . . . require that we exercise our power of supervision and control over proceedings on appeal . . . in the spirit of the purpose of our rules, namely, to facilitate business and advance justice." (Citation omitted.) *O'Bymachow* v. *O'Bymachow,* 10 Conn. App. 76, 78, 521 A.2d 599 (1987).

The trial court's summary granting of the plaintiff's motion to strike provides us with no basis on which to determine whether it acted properly in granting the motion and on what legal basis it relied in reaching its

conclusion. In the absence of an articulation of its reasoning, "it would be sheer speculation for this court to assume that the trial court applied the incorrect legal standard." *State* v. *Crumpton,* 202 Conn. 224, 232, 520 A.2d 226 (1987); *Carothers* v. *Capozziello,* 215 Conn. 82, 105, 574 A.2d 1268 (1990); *DiBerardino* v. *DiBerardino,* 213 Conn. 373, 385, 568 A.2d 431 (1990). "As we have indicated, the appellate record concerning this matter is such that the issue is not amenable to meaningful review. 'It is the duty of the judge who tried the case to set forth the basis of his decision.' *Powers* v. *Powers,* [183 Conn. 124, 125, 438 A.2d 845 (1981)]. 'An articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification.' *State* v. *Wilson,* [199 Conn. 417, 435, 513 A.2d 620 (1986)]." *Rostain* v. *Rostain,* 213 Conn. 686, 694–95, 569 A.2d 1126 (1990). For the reasons set out previously, we remand this case, sua sponte, for further articulation. To do otherwise would require this court to speculate on the reasoning of the trial court, which we cannot do.

Once the trial court has articulated the legal basis for granting the plaintiff's motion to strike, "it should promptly file its findings and conclusions with the clerk of this court for our review. In addition, we want to emphasize that in remanding this case we intimate no view on the issue to be resolved by the trial court." *Rostain* v. *Rostain,* supra, 695. Accordingly, we do not address the defendants' first claim.

The case is remanded to the trial court for articulation in accordance with this opinion.

In this opinion the other judges concurred.