[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Defendant John Hocursak has moved to strike the complaint on grounds which he sets forth in a memorandum of law but not in his motion to strike. Plaintiff Helen Lane claims, inter alia, that the motion should be denied because the defendant failed to specify in the motion to strike the reasons for the purported legal CT Page 220 insufficiency of the complaint. For the reason stated below, the motion to strike is denied without prejudice to the defendant's raising the claimed insufficiencies in another motion to strike.
Since the plaintiff has objected to the form of the defendant's motion to strike, this court must determine whether the motion complies with Practice Book § 154. See Bouchard v. People'sBank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). "Practice Book § 154 . . . requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency." Blancato v. Feldspar Corp. ,203 Conn. 34, 36-37 n. 3, 522 A.2d 1235 (1987). "[A] motion to strike that does not specify the grounds of insufficiency is `fatally defective.'" Morris v. Hartford Courant Co., 200 Conn. 676, 683
n. 5 513 A.2d 66 (1986). "A general statement in a motion to strike that the complaint does not state a claim on which relief can be granted is usually deemed not to comply with the requirement of Practice Book § 154." North Park Mortgage Services, Inc. v.Pinette, 27 Conn. App. 628, 630, 608 A.2d 714 (1992). Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." Blancato v. Feldspar Corp. supra,203 Conn. 36-37 n. 3. Because the defendant's motion to strike does not specify the grounds of insufficiency, the motion is "fatally defective." See Bouchard v. People's Bank, supra at 468, n. 4.
The defendant has attempted to raise what appear to be meritorious issues. Accordingly, the court acting pursuant to § 113 of the Practice Book grants the defendant permission to file another motion to strike.
THIM, J.