[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 11, 1995
This case comes before the court upon the defendant's motion to strike the Second Revised Complaint on the ground that it fails to state a cognizable claim. The defendant initially moved to strike by a pleading that failed to comply with Practice Book § 154 in that the grounds for the motion were not specifically set forth in the motion. This court denied that motion without prejudice to the filing of a motion to strike in the proper form.
The defendant's motion to strike filed on December 12, 1994, is now before the court, and the movant has apparently adopted the brief that accompanied the prior defective motion. CT Page 902
Practice Book § 154 requires that a motion to strike "shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." The movant has again filed a motion consisting of a single undifferentiated paragraph of argument without attempting to formulate discrete claimed legal deficiencies. Since oral argument was conducted, however, the court will attempt to organize the text of the motion into discrete claims. To the extent that the movant believes that all of its claims are not addressed this court rules that the defendant has waived any such objection by its repeated failure to provide the court with an adequately organized statement of its claims of insufficiency.
The court takes the claims of insufficiency stated in the motion to be as follows:
1. Because the plaintiff has not set forth the contract relied on, his claim of breach of that contract is insufficient.
2. Because the plaintiff has not set forth the terms of the warranty relied on, his claim of breach of that warranty is insufficient.
3. The plaintiff has failed to state a cause of action pursuant to the Connecticut Unfair Trade Practices Act in that he has not specified which acts of the defendant are alleged to have been unfair or deceptive.
The court will not search the movant's brief for further grounds, since the purpose of Practice Book § 154 is to require a movant to provide a clear statement of the grounds raised, and not to thrust upon the court or the plaintiff the task of determining what the grounds of the motion actually are, with the danger that the court will rely on a ground not actually urged by the movant as sufficient to warrant the striking of the complaint, with the possibility that the movant would find itself defending on appeal an outcome on grounds it had not meant to advocate. Similarly, the requirement of specificity as to grounds removes the possibility that the court, in interpreting CT Page 903 a vague claim, will supply a rationale not recognized by the movant, inappropriately appearing to supply advocacy rather than adjudication.
1. Standard of Review
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152;Ferryman v. Groton, 212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v.Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138, 142;Benson v. Housing Authority, 145 Conn. 196, 199
(1958). Facts necessarily implied by the allegations in a complaint are sufficiently pleaded and need not be expressly alleged. Bouchard v. People's Bank, 219 Conn. 465,471 (1991); Ferryman v. Groton, 212 Conn. 138,146. If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v.People's Bank, 219 Conn. 465, 471; Senior v. Hope,156 Conn. 92, 97-98 (1968).
2. Breach of contract
In paragraph 1 of the Second Revised Complaint, the plaintiff alleges the purchase of a used car from the defendant. At paragraph 12 he alleges that the defendant "has refused to . . . see that the contract is cancelled." At paragraph 14 the plaintiff asserts that the defendant's acts "constitute a . . . breach of contract." Though the plaintiff does not identify specifically in these paragraphs the "contract" referred to, the context of the complaint suggests that the sales transaction alleged in paragraph 1 and the Suzuki Satisfaction System Used Vehicle Service Contract alleged in paragraph 2 are the contracts at issue. The purchase of a vehicle gives rise to a contract. Zahornacky v.Edward Chevrolet, Inc., 37 Conn. Sup. 751 (1981). Though somewhat elliptically, the plaintiff has alleged a contract to purchase a vehicle and an agreement to CT Page 904 provide service and the breach of those contracts. A cause of action has been sufficiently alleged.
3. Breach of Warranty
The defendant asserts that the complaint fails to allege the existence of a warranty and that claims for its breach should therefore be stricken. At paragraph 2 of the Second Revised Complaint, the plaintiff alleges that "[d]efendant provided Mr. Costanzo with a warranty for 100% of parts and labor for 60 days or 3,000 miles." At paragraphs 7 and 10 the plaintiff alleges that the defendant failed to repair several alleged defects allegedly covered by the warranty.
The plaintiff has sufficiently alleged a cause of action for breach of warranty.
4. CUTPA
In his complaint the plaintiff alleges a number of acts that he claims were unfair or deceptive: 1) failing to supply an adequate odometer disclosure (paragraph 3); failing to supply title documents (paragraph 4); failing to perform repairs despite an agreement or warranty to do so (paragraphs 2, 8, 9, 10); and failure to provide records of all repair orders (paragraph 7).
The motion to strike identifies only the failure to specify the claimed unfair practices as a reason to strike the complaint. The claimed unfair practices are in fact pleaded by the plaintiff, so the motion to strike the CUTPA claim is denied.
5. References to federal statutes
In its motion, the defendant requests that this court "strike references to . . . federal acts." The motion asserts no reason for the claimed insufficiency, as is required by Practice Book § 154. This portion of the motion to strike will therefore not be addressed.
Conclusion
The motion to strike is denied as to each ground CT Page 905 asserted therein.