[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On January 19, 1995, the plaintiff, Edward Gladwell, filed a two count complaint against the defendant, Laura Susan Gladwell. The defendant is the natural mother of the plaintiff. The plaintiff seeks to recover for injuries he allegedly sustained when his stepfather, Wesley G. Gladwell, sexually assaulted the plaintiff when he was a minor. The complaint alleges that the mother had actual and constructive notice of the sexual assaults and failed to prevent them or report them to the proper authorities. Count one is based on the defendant's negligent acts; count two is based on the defendant's intentional acts.
On March 7, 1995, the defendant filed a motion to strike the plaintiff's complaint "because it fails to state a cause of action upon which relief can be granted." The defendant also submitted a memorandum of law in support.
The plaintiff filed a memorandum in opposition to the motion to strike, which is dated March 27, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citation omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
In her memorandum of law, the defendant argues that a parent is not civilly liable to her child for personal injuries inflicted during the child's minority. The defendant cites Dubay v. Irish,207 Conn. 518, 523, 542 A.2d 711 (1988) and Mesite v. Kuchenstein,
CT Page 3765109 Conn. 77, 82-83, 145 A. 753 (1929).
The plaintiff argues that the motion to strike should be denied for two reasons. First, the motion, itself, is defective. Second, Henderson v. Woolley, 230 Conn. 472, 644 A.2d 1303 (1994) permits minor children to sue their parents for injuries received because of sexual abuse, sexual assault or sexual exploitation.
"Practice Book § 154 . . . requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency." Blancato v. FeldsparCorp., 203 Conn. 34, 36-37 n. 3, 522 A.2d 1235 (1987). "[A] motion to strike that does not specify the grounds of insufficiency is `fatally defective.'" Morris v. Hartford Courant Co., 200 Conn. 676,683 n. 5, 513 A.2d 66 (1986). "A general statement in a motion to strike that the complaint does not state a claim on which relief can be granted is usually deemed not to comply with the requirements of Practice Book § 154." North Park MortgageServices, Inc. v. Pinette, 27 Conn. App. 628, 630, 608 A.2d 714
(1992). See also Costanzo v. Ern-Len Corp., 13 Conn. L. Rptr. 316, 317 (January 11, 1995) (Hodgson, J.) (holding the party that files a motion to strike should set forth and identify clearly each deficiency in the pleading.)
"`Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.'" Blancato v.Feldspar Corp., supra, 203 Conn. 36-37 n. 3.
In this case, the plaintiff has objected to the form of the defendant's motion. Therefore, this court must determine whether the defendant's motion complies with Practice Book § 154. SeeBouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991).
On its face, it is clear that the defendant's motion is fatally defective. The supreme court disapproved of a motion to strike that stated the plaintiff "had `failed to state a claim upon which relief can be granted.'" Id. The appellate court disapproved of a motion to strike that stated "`the plaintiff herein moves to strike the . . . special defenses and all counts of the counterclaim . . . on the grounds that they do not state a claim on which relief can be granted.'" North Park Mortgage Services,CT Page 3766Inc. v. Pinette, supra, 27 Conn. App. 629-30 n. 2. The defendant's motion to strike states "it fails to state a cause of action upon which relief can be granted." This language is as general as the language in Bouchard and North Park and accordingly the motion to strike is denied, as being defective in its pleading.
Although the above holding is dispositive of the motion to strike, the court will consider the second issue as to whether the doctrine of parental immunity bars a minor child from suing his natural parent for injuries he received from his stepfather and with the natural parents actual or constructive notice of such happenings.
The defendant's reliance on the argument that "a parent is not liable civilly to his child for personal injury inflicted during (the child's) minority. . ." Mesite v. Kuchenstein, 109 Conn. 77,82-83, 145 A. 753 (1929); Dubay v. Irish, 207 Conn. 518, 523
(1988), does not acknowledge the fact that the Connecticut Supreme Court, in Henderson v. Woolley, 230 Conn. 472 (1994) abrogated the doctrine of parental immunity as it relates to claims by minor children for personal injuries arising out of sexual abuse, sexual assault or sexual exploitation.
The court, at page 483 stated:
 We conclude that the public policy of this state requires that the parental immunity doctrine not preclude a child victim of parental sexual abuse from vindicating his or her rights by bringing an action for damages."
Therefore, even had the defendants motion to strike not been fatally defective as not being in compliance with Connecticut Practice Book § 154, the motion still fails on its merits as the plaintiff's complaint sufficiently sets forth allegations stating a cause of action against the defendant upon which relief may be granted.
Accordingly, the Motion to Strike is denied. CT Page 3767