[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 28, 1995, the plaintiffs, Chrystal Dickey, a minor child, and her mother, Tyree Mabry, brought an action against defendant Clarence Collins for injuries resulting from Dickey's exposure to lead-based paint while a tenant in property owned by Collins. The plaintiffs have lived in the property from October, 1992 to the present. The plaintiffs' eight-count complaint alleges claims in strict liability and negligence based on municipal, state and federal statutory violations, CUTPA and nuisance.
On October 18, 1995, the defendant filed a motion to strike two of the eight counts and a memorandum of law in support of the motion. The plaintiff has not filed a memorandum in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff has not submitted a memorandum of law in opposition to the defendant's motion to strike as required by Practice Book § 155. However, "[s]ection 155 was amended effective October 1, 1989, to delete a provision that the non-movant consents to the motion to strike by failing to timely file an opposing memorandum. Although a timely opposing memorandum is required, the failure to so file it can be waived by the trial court." CT Page 14379Fitzpatrick v. East Hartford B.P.O. Elks, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 380905 (Jan. 25, 1991, Clark, J.).
The defendant moves to strike the first two counts of the plaintiffs' complaint on the ground that "Connecticut law does not recognize a cause of action of strict liability in tort for a landlord's violation of the lead paint statutes." The defendant relies on a recent Supreme Court case, Gore v. People's SavingsBank, 235 Conn. 360, A.2d (1995).
The plaintiffs' complaint alleges that "[t]he injuries to the plaintiff as set forth above were caused by the defendant's violation of Conn. Gen. Stats. sections 47a-8, 47a-7, 47a-53, 47a-54f,19a-111, 19a-111a through 19a-111d, and 21a-82 through 21a-85; Regulations of Connecticut State Agencies sections 19-13-B1 and B2; local ordinances, laws and regulations of the Town of Hamden; Chapter 63 of the Social Security Act entitled the Lead-Based Paint Poisoning Prevention Act of 42 U.S.C. § 4801 through 4846
inclusive; and the following federal regulations: 16 C.F.R. § 1303; and24 C.F.R. Parts 35, 882 and 886; 24 C.F.R. § 200.800 through 200.830." (Plaintiffs' complaint, Count One, ¶ 10, Count Two, ¶ 11.)
"Our rules of practice require that a motion to strike raising claims of legal insufficiency separately set forth each such claim of insufficiency and distinctly specify the reason or reasons for each such claimed insufficiency. See Practice Book 154." North ParkMortgage Services, Inc. v. Pinette, 27 Conn. App. 628, 630,608 A.2d 714 (1992).
The plaintiffs have alleged violations of both state and federal law, as well as local ordinances, laws and regulations. The defendant's motion to strike and memorandum of law is, however, only addressed to the insufficiency of plaintiffs' claims under Connecticut law. The court cannot strike the state statutory claims and leave the municipal and federal statutory claims when all the claims are contained within the same paragraph of the same count. Therefore the defendant's motion to strike counts one and two are denied.
Howard F. Zoarski, Judge CT Page 14380