[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#106)
It is submitted that the motion to strike count four and paragraphs five and six of the prayers for relief of the May 12, 1995 complaint turns on the question of whether the provision regarding the $4.2 million mortgage in the note at issue is characterized as an assignment or collateral security. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The complaint provides, "[by] its assignment of April 1, 1987, to secure said Note, the Defendant, 669 Atlantic Street Associates, CT Page 479 assigned to the Plaintiff a certain Mortgage in the amount of $4,200,000.00 . . . ." (Complaint, ¶ 2.) Paragraphs one through ten are incorporated into count four. The complaint states a claim upon which relief can be granted. The defendants wish the court to resolve whether or not the note actually is an assignment. This is not an appropriate matter for a motion to strike.
Furthermore, defendants' motion to strike did not specify the grounds for the motion on the face of the motion. Practice Book § 154 provides: "Each motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." "A general statement in a motion to strike that the complaint does not state a claim on which relief can be granted is usually deemed not to comply with the requirements of Practice Book § 154." North Park MortgageServices, Inc. v. Pinette, 27 Conn. App. 628, 630, 608 A.2d 714
(1992). Courts have held that a "motion [deficient under Practice Book § 154] as supplemented by the memorandum of law was adequate to submit to the court the material issue concerning the alleged flaw in the plaintiff's complaint and was, therefore, sufficiently specific to comply with Practice Book § 154." Rowe v. Godou,209 Conn. 273, 275, 550 A.2d 1073 (1988). The plaintiff distinguishesRowe on the grounds that the motion at issue in Rowe referred to statutory grounds although it did not specify the statutory section, whereas in this case there is no identification of the grounds for the motion at all. Accordingly, because the complaint states a cause of action, and the motion was insufficient to comply with Practice Book § 154, the motion to strike is denied.
NADEAU, J.