[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#156)
The plaintiffs, Jacqueline and William Wright, have moved to strike the defendant, Philip Hutt's, second and third special defenses on grounds of legal insufficiency set forth in their memorandum of law, but not in their motion to strike. The defendant argues that the motion to strike must be denied because it fails to comply with the requirements of Practice Book § 154. For the reasons stated herein, the plaintiffs' motion to strike is denied without prejudice.
"Practice Book § 154 . . . requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency." Blancato v. FeldsparCorp., 203 Conn. 34, 36 n. 3, 522 A.2d 1235 (1987). "[A] motion to strike that does not specify the grounds of insufficiency is `fatally defective.'" Morris v. Hartford Courant Co., 200 Conn. 676,683 n. 5, 513 A.2d 66 (1986). In addition, "Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reason for, the claimed pleading deficiency be CT Page 1401-OO specified in the motion itself." (Internal quotation marks omitted.) Blancato v. Feldspar, supra, 203 Conn. 36-37 n. 3. But see Rowe v. Godue, 12 Conn. App. 538, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988) (court holding that defendant's supporting memorandum sufficiently apprised the court of the reasons for the alleged insufficiency of the complaint).
In Bouchard v. People's Bank, 219 Conn. 465, 594 A.2d 1
(1991), the supreme court considered a motion to strike which failed to comply with Practice Book § 154 "due to plaintiff's failure to object to its form and the nonjurisdictional nature of § 154." Id., 468 n. 4; see also Morris v. Hartford Courant Co.,
supra, 200 Conn. 683 n. 5. "Where, however, the opposing party files an objection to the form of a motion, the court may not waive compliance with Practice Book § 154." Connecticut National Bank v.Machnik, Superior Court, judicial district of New London at New London, Docket No. 534362 (February 9, 1994, Hurley, J.,11 Conn. L. Rptr. 58, 9 CSCR 295), citing Bouchard v. People's Bank, supra,219 Conn. 468 n. 4; accord Gladwell v. Gladwell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319853 (April 10, 1995, Maiocco, J., 14 Conn. L. Rptr. 71); Lane v.Hocursak, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 315466 (January 3, 1995, Thim, J.). In this case, the plaintiffs' motion to strike does not allege the specific grounds of insufficiency and the defendant has objected to the form of the motion. Accordingly, the plaintiffs' motion to strike the defendant's second and third special defenses is denied.
Although the plaintiffs have attempted to raise what appear to be meritorious issues in their memorandum, in light of the fact that this case is on the verge of trial, any future argument regarding the defendant's second and third special defenses may be raised at that time.
BY THE COURT:
STANLEY, J.