[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 24, 1995, the plaintiffs, Vincent Celentano, Lawrence I. Levy, Marvin R. Leventhal, and Richard A. LoRicco filed a revised complaint in five counts against the defendants, the Oaks Condominium Association and Charles Lohrenz, Susan Smolen, Pam Moffitt, Tyrone Griffin, Roberta Brooks, and Wally Roberts, who are either currently or formerly members of the Board of Directors of the Oaks Condominium Association.
In the first count, the plaintiffs allege that on or about November 30, 1982, the plaintiffs, as lessors, and Melrose Apartments, as lessee, entered into two written agreements for the lease of certain parcels of land known as 79 Claudia Drive and 80 Claudia Drive in West Haven, Connecticut. (Ground Leases). Melrose Apartments, Inc. subsequently filed a Declaration of Condominium, resulting in the formation of the Oaks Condominium Association and its Board of Directors, who are the successors and/or assignees in interest of the declarant. The condominium units of the defendants are located on these parcels. The plaintiffs allege that the terms of the leases require that the defendants collect and remit monthly rental payments from unit owners/members of the defendant association. The plaintiffs claim that these payments were not collected and remitted to them in breach of the lease contracts.
In the second count, the plaintiffs allege that the defendants were negligent in the performance of their duties under the ground lease contracts by failing to collect and remit the ground lease payments.
In the third count, the plaintiffs allege that the defendants acted as fiduciary agents of the plaintiffs in regard to the collection and remittance of the ground lease rental payments. They also allege that the defendants have failed to furnish the plaintiffs with an accurate and complete accounting.
In the fourth count, the plaintiffs allege that they have suffered economic damages because the defendants failed to collect and remit the rental payments. Additionally, the plaintiffs allege that from approximately March, 1993 through the present, the defendants have converted rental payments collected from previously delinquent unit owners, in lieu of remitting the payments to the CT Page 5261-DDDD plaintiffs.
In the fifth count, the plaintiffs allege that the defendants' failure to collect and remit the ground lease payments resulted in unfair or deceptive trade or practice in violation of General Statutes § 42-110 et seq.
On May 30, 1995, the defendants filed a motion to strike the third and fifth counts of the plaintiffs' revised complaint. The motion does not state any grounds for challenging the legal sufficiency of the revised complaint. They also filed a memorandum of law in support of their motion as required by Practice Book § 155.
The plaintiffs filed motions for extension of time to object to the defendants' motion to strike on June 30, July 14, August 1, and August, 17 1995, all of which were granted by the court. On September 18, 1995, the defendants filed a memorandum of law in opposition to the defendants' motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.224 Conn. 210, 215-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
In their motion to strike, the defendants state only that they "hereby move this Honorable Court to strike the Third and Fifth Counts of the plaintiffs' Revised Complaint dated February 22, 1995." The defendants fail to claim any legal insufficiency and to specify the reasons for any legal insufficiency.
In opposition to the defendants' motion to strike the third and fifth counts of the revised complaint, the plaintiffs first object to the form of the motion because the defendants have failed to comply with Practice Book § 154.
"[P]ractice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading CT Page 5261-EEEE deficiency be specified in the motion itself." (Citations omitted; internal quotation marks omitted.) Morris v. Hartford Courant Co.,200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986).
"Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was `fatally defective' under Practice Book § 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. . . . We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiff's failure to object to its form and the nonjurisdictional nature of § 154." Bouchard v. People's Bank,219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). See also North ParkMortgage Services, Inc. v. Pinette, 27 Conn. App. 628, 630 n. 4,608 A.2d 714 (1992) (court considered the motion to strike in the form presented because, although the motion did not adequately submit the material issues to the court, the non moving party failed to object to the form of the motion, and because Practice Book § 154 is not jurisdictional in nature); Figuiredo v. Purity Supreme, Inc.,
Superior Court at Hartford, Docket No. 384398 (December 5, 1991, Schaller, J., 5 Conn. L. Rptr. 317) (where court considered the third party defendant's motion to strike even though the claimed pleading deficiency was not specified in motion itself because the defendant/third party plaintiff made no objection to the form of the motion, and because Practice Book § 154 is non-jurisdictional in nature).
However, the court will deny the motion to strike if the motion is fatally defective and the non movant plaintiff has objected to its form. Klachkin v. CTI Electronics Corp., Superior Court at Bridgeport, Docket No. 296097 (November 6, 1992, Ballen, J., 7 Conn. L. Rptr. 559, 560). See also Buddington v. SterlingWinthrop, Inc., Judicial District of New Haven at New Haven, Docket No. 0327296 (November 12, 1993, Zoarski, J., 10 Conn. L. Rptr. 358, 361) (Court denied plaintiff's motion to strike eleventh special defense, which failed to specify the distinct reasons for the claimed insufficiency, because the form of the motion to strike was fatally defective and the defendants objected to it.)
In the present case, although the defendants submitted a supporting memorandum of law, their motion to strike fails to comply with Practice Book § 154 which requires that a motion to strike based on legal insufficiency to "distinctly specify the reason or reasons for each claimed insufficiency." The plaintiffs have objected to the form of the defendants' motion to strike. CT Page 5261-FFFF
Therefore, the defendants' motion to strike is denied as to the third and fifth counts of the plaintiffs' revised complaint because the form of the motion to strike is "fatally defective," and the plaintiffs have objected to its form.
Howard F. Zoarski State Trial Referee