[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THE FIRST, SECOND,THIRD, FOURTH, FIFTH SPECIAL DEFENSES AND THE PRAYER FOR RELIEFOF THE DEFENDANTS. THE D.W. FISH REALTY COMPANY AND THOMASFERGUSON
The plaintiffs have moved to strike the defendants first, CT Page 6122 second, third, fourth and fifth special defenses and prayer for relief dated January 7, 1998.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73 (1992). "The defendant must plead sufficient facts in support of its special defenses." Knights ofColumbus Federal Credit Union v. Salisbury, 3 Conn. app. 201, 208-209 (1985). A general statement that the complaint does not state a claim upon which relief can be granted is usually insufficient to comply with Practice Book § 154. Rowe v.Godou, 12 Conn. App. 538, 541 (1987); North Park MortgageServices. Inc. v. Pinette, 27 Conn. App. 628, 630 (1992).
Practice Book § 10-50 requires that special defenses plead facts. See also Farago v. Pfizer Inc., Judicial District of New London, D.N. 524911 (3/16/94). A motion to strike is the proper method to challenge the legal sufficiency of a special defense. Practice Book § 10-39. In ruling on the motion the Court should consider the facts alleged in the special defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v. Douglas, 221 Conn. 530,536 (1992). If a complaint alleges mere conclusions of law that are unsupported by facts, a motion to strike is properly granted.Novametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 215 (1992).
This Court can discern no reason why a defendant should not be held to the same standards and requirements of fact pleading as the plaintiff. A special defense must inform the plaintiff with reasonable clarity of the nature of the defense asserted.Stavnezer v. Sage-Allen Co., 146 Conn. 460, 61 (1959). See alsoPozoukidis v. City of Bridgeport, Fairfield J.D. at Bridgeport, No. CV 97-0346988 (2/13/98).
The motion to strike the first special defense is granted as it points to no facts upon which the defendants rely for their conclusory defense that there the complaint fails to state a claim upon which relief can be granted. If the complaint is defective the defendant should apprise the plaintiffs of the actual reasons it was deemed to be insufficient or defective.
As to the second, third and fourth special defenses the defendants claim that the plaintiffs are barred by the doctrines CT Page 6123 of waiver, estoppel and laches, again without stating any facts in support. They claim they are entitled to rely on the allegations of the complaint. These claims are properly raised by special defense and alert the court as well as the opposing party of the issues to be raised. In their brief the defendants allude to allegations of the complaint they claim support the second, third and fourth special defenses.
 "The purpose of a special defense is to plead facts . . . " Grant v. Bossman, supra. Here facts were not pleaded and alluding to them in the brief does not suffice. If the defendants claim that the allegations of the complaint are sufficient as the foundation for a special defense they should point to those allegations so that neither the plaintiff nor the Court has to speculate as to what facts are relied upon.
Because the second, third and fourth special defenses do not cite to any facts the motion to strike said special defenses is granted.
The fifth special defense claims the plaintiffs' claims are barred by the doctrine of assumption of risk. Assumption of risk was abolished in negligence actions. Connecticut General Statutes § 52-572h(i).
The defendants' claim, however, that the allegations "appear to assert" that the defendants breached a quasi-fiduciary duty to the plaintiffs. The complaint does not allege a breach of any fiduciary duty. Clearly, it sounds in negligence.
Assumption of Risk is not a proper defense to this complaint and the motion to strike the fifth special defense is granted.
In their answer the defendants have included a prayer for relief including costs and attorney's fees. The plaintiffs move to strike the prayer for relief on the grounds that it is improper to include a prayer for relief in an answer. (The defendants have not filed a counterclaim).
The defendants have provided no authority for the propriety of adding a prayer for relief in an answer to a complaint and the court is not aware of any. Accordingly, the prayer for relief is improper and the motion to strike it is granted.
Therefore, the motion to strike the first, second, third, CT Page 6124 fourth and fifth special defenses is granted. The motion to strike the prayer for relief is granted.
Klaczak, J.