[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (DOCKET ENTRY NO. 115)
The plaintiff, Michael Rancourt, filed a two-count complaint against the defendant, Richard Janosko. The plaintiff alleges that the parties entered into an agreement whereby the defendant would purchase the plaintiff's accounting business. The plaintiff further alleges that the defendant has failed to make any payments to the plaintiff, thereby breaching the agreement and unjustly enriching the defendant. CT Page 1267
The defendant filed an answer and three-count revised counterclaim, alleging in part that the plaintiff's own actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiff now moves to strike count two of the revised counterclaim sounding in CUTPA on the ground that it fails to set forth a cause of action upon which relief may be sought. Specifically the plaintiff argues that although there is a split of authority as to whether CUTPA is applicable to a one-time sale of a business by a party not in the business of selling businesses, the better-reasoned approach is that it is not. The defendant argues in response that the motion to strike should be denied as the plaintiff failed to adequately state the ground for the motion to strike within the motion itself. The defendant also argues that CUTPA has been applied to a one-time sale of a business by parties not in the business of selling businesses.
"Each motion to strike raising any of the claims of legal insufficiency enumerated in [§ 153, now § 10-40] shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book § 154, now Practice Book (1998 Rev.) § 10-41. "A general statement in a motion to strike that the complaint does not state a claim upon which relief can be granted is usually deemed not to comply with the requirements of Practice Book § 154. Morris v. Hartford Courant,200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986). A motion to strike that lacks specificity, but adequately submits the material issues to the court, however, is sufficient to comply with Practice Book § 154. Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988)."North Park Mortgage Services, Inc. v. Pinette, 27 Conn. App. 628,630, 608 A.2d 714 (1992). See also Bouchard v. People's Bank,219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991) (motion not fatally defective due to the plaintiff's failure to object to its formand the nonjurisdictional nature of § 154) (Emphasis added.) But see Lind-Larsen v. Fleet National Bank, Superior Court, judicial district of Danbury, Docket No. 327962 (January 6, 1998) (Mihalakos, J.) (motion to strike denied on ground that plaintiff objected to form); Gladwell v. Gladwell, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319853 (April 10, 1995) (Maiocco, J.) (14 CONN. L. RPTR. 71) (same). The court agrees that the ground stated in the motion to strike lacks specificity, but notes that the legal theory upon which the plaintiff is moving is fully explained in his supporting memorandum. Accordingly, the court will address the merits of the CT Page 1268 parties' arguments.
This court addressed whether CUTPA applied to the one-time sale of a private residence in Pfeffer v. Fontana, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340872 (December 30, 1997) (Skolnick, J.). In Pfeffer, this court agreed that such a sale did not support a claim under CUTPA because where CUTPA has been applied to a single transaction, the defendant was an entity or individual engaged in a business activity which was at the heart of the complaint of the alleged violation. See Jokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996) (Gray, J.). This court also agreed with the reasoning that "CUTPA cannot be read to cover a single transaction between individuals which is not in the ordinary course of a trade or business."McCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991) (Katz,J.) (4 CONN. L. RPTR. 177). "[A]n isolated private sale of real estate by one not in the business of doing so, is not encompassed within the trade or commerce' language of the CUTPA statute (§ 42-110b)." Doty v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 24, 1995) (Hauser, J.).
For the same reasons, this court finds that the private one-time sale of a business by a party not in the business of making such sales does not fall under CUTPA.[1] Accordingly, the plaintiff's motion to strike the second count of the revised counterclaim is granted.
SKOLNICK, J.