[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
 I.
On July 5, 2000, the plaintiff, Robert C. Allan, filed the present complaint against The Hartford Courant and one of its columnists, Amy Pagnozzi, alleging defamation, false light, negligent infliction of emotional distress and intentional infliction of emotional distress. The statements at issue arise out of two articles Pagnozzi published regarding alleged interactions between the plaintiff, who at all relevant times was a Hartford police officer, and Tyrone Larry. The first article, "An Injustice That Didn't Make The Headlines," published on May 21, 1999, recounted alleged encounters between Larry and the plaintiff in his capacity as an officer with the Hartford Police Department. This article alleged, inter alia, that the plaintiff stopped Larry's vehicle for a "DWB violation (driving while black)" and that another time, the plaintiff gave Larry a ticket for "running a stop sign where there wasn't one." The second article, "It's Time to Help Tyrone Larry," published on September 28, 1999, repeated the allegations that the plaintiff stopped Larry for "driving while black" and ticketed him for running an imaginary stop sign. CT Page 3480
On October 31, 2000, the defendants filed their answer and special defenses. On November 30, 2000, the plaintiff filed a motion to strike the third special defense, incremental harm, arguing that the incremental harm doctrine has not been accepted in the state of Connecticut and that it should be stricken. The defendants argue first, that the plaintiff failed to follow correct pleading requirements set out by Practice Book § 10-41,[1] second, that Connecticut and the Second Circuit have accepted and applied the incremental harm doctrine and finally, that they have pleaded it properly.
 II.
The purpose of a motion to strike is to contest "the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defenses contained therein. . . ." Practice Book §10-39. "A motion to strike is the proper vehicle to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Grady v. Guerin, Superior Court, Judicial District of Stamford-Norwalk at Norwalk, Docket No. 160239 (April 23, 1998, Lewis, J.); see also Estate of Aldo v.Guardiani, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 052203 (March 16, 1996, Skolnick, J.) (16 Conn.L.Rptr. 466). When ruling on a "motion to strike, the trial court recognize[s] its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "[T]he court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 III.
In Church of Scientology International v. Behar, ___ F.3d ___ (2nd
Cir. 2001), the Second Circuit Court of Appeals defined the incremental harm doctrine by stating that "when unchallenged or non-actionable parts of a publication are damaging, an additional statement, even if maliciously false, might be non-actionable because it causes no appreciable harm." In an earlier decision, the court explained that incremental harm was that branch of the libel-proof plaintiff doctrine which "measures the incremental harm inflicted by the challenged statements beyond the harm imposed by the rest of the publication. If that harm is determined to be nominal or nonexistent, the statements are dismissed as non actionable." Herbert v. Lando, 781 F.2d 298 (2nd
Cir.), cert. denied, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545
(1986). CT Page 3481
The defendants refer to Jones v. The Globe International, Inc., U.S. District Court, Docket Nos. 1468, 1511, 1512 (D.Conn. September 26, 1995) (24 Med.L.Rptr. 1267), in which Chief Judge Alfred V. Covello applied the incremental harm/libel-proof plaintiff doctrines. Id., 1275-76. In Jones, the gravamen of the libelous articles portrayed Jones as having a sexual attraction to women's shoes. The article was supported by both Jones' conviction and his testimony. Judge Covello concluded that "the remaining statements are not actionable because the true portions of these publications are so damaging that the plaintiff has failed to prove the requisite special damages necessary in order to recover for libel with respect to the remaining statements." Id., 1276. Judge Covello held that the incremental harm doctrine applied because, even if the statements at issue were untrue, the published details "do not add materially to the injury caused by the truths in the articles" and did not further damage Jones' reputation or "add significantly to the admitted truth. . . ." Id. In Jones, the court held that the acts already admitted to by the plaintiff had a "devastating impact" on his reputation and that he "failed to prove that the remaining statements caused him to suffer any further injury." Id.
The background for the articles in the present case is the plaintiff's involvement in the shooting of fourteen year old Aquan Salmon — an event causing great controversy in the Hartford community.
The complaint alleges that the first article "undermined plaintiff's honesty, integrity, virtue and reputation as a man and in his profession." The plaintiff also alleges that the second article held him "up to public scorn, hatred, and ridicule and significantly and irrevocably damaged his reputation, both professionally and in the community at large." In order for the defendants to prevail on their special defense of incremental harm, they must prove the allegedly libelous statements caused the plaintiff no additional injury. Yet, whether the defendants have satisfied that burden is not for this court to determine at this time.
This court notes that there is an ongoing discussion about the distinctions between incremental harm, libel-proof plaintiffs and substantial harm. See K. Kite, "Incremental Identities: Libel-Proof Plaintiffs, Substantial Truth, and the Future of the Incremental Harm Doctrine," 73 N.Y.U.L.Rev. 529 (1998). Notwithstanding the blurring of these doctrines, this court finds that the incremental harm doctrine has vitality under the facts of this case and is a proper defense.
Finally, although not ideal, "[a] motion to strike that lacks specificity, but adequately submits the material issue to the court, CT Page 3482 however, is sufficient to comply with Practice Book § 154 [now §10-41]." North Park Mortgage Services, Inc. v. Pinette, 27 Conn. App. 628,630, 608 A.2d 714 (1992). The decision does not turn on that technical charge. Accordingly, the plaintiff's motion to strike is denied.
Berger, J.